IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Bevin Hudson, | ) | C/A No. 0:20-207-MGL-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Boggs, *FCI Williamsburg*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

  Petitioner Bevin Hudson, a self-represented federal prisoner, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment. (ECF No. 14.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 15.) Petitioner filed a response in opposition. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that it lacks subject matter jurisdiction and this matter should be dismissed.

## BACKGROUND

  The following facts are taken in the light most favorable to Petitioner, to the extent they find support in the record. Petitioner is an inmate in the Federal Correctional Institution in Williamsburg, South Carolina. On October 31, 2013, Petitioner was indicted in the United States District Court for the Southern District of Florida for one count of possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e). United States v. Hudson, Cr. No. 13-cr-20832-HUCK. The indictment charged that Petitioner, "having previously been convicted of a

crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce[.]"[1] (Id., ECF No. 1.) Petitioner was tried by a jury and found guilty as charged in March 2014.

The evidence at trial showed that Petitioner was apprehended by Miami-Dade Police Officers in response to a reported burglary-in-progress. Petitioner was observed fleeing from the residence being burglarized with a pillowcase in his hands that he dropped in front of the officers. The officers apprehended and arrested Petitioner after a foot chase and recovered the pillowcase. The pillowcase contained, among other items, a loaded handgun and approximately 100 rounds of ammunition. Petitioner stipulated at trial that prior to the date of the offense, October 16, 2013, he had been convicted in court of a felony offense punishable by imprisonment for a term in excess of one year. And the Presentence Investigation Report[2] prepared by the United States Probation Office showed that Petitioner had nine prior felony convictions. Petitioner challenged the violent-felony designation of three of the offenses but did not object to the existence of the nine felonies. Petitioner was sentenced to 200 months' imprisonment and five years' supervised release.

The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence and the United States Supreme Court denied his petition for a writ of certiorari. Petitioner later filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 that was denied by the trial court.

---

[1] See 18 U.S.C. § 922(g)(1).

[2] The Government did not attach the Presentence Investigation Report to its motion, and the report was filed under seal. Hudson, 13-cr-20832-HUCK (S.D. Fla.) (Docket Entry No. 57). However, Petitioner does not contest any of the facts asserted by Respondent that are based on the report.

Subsequent to his direct appeal and § 2255 motion, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).  In Rehaif, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), the Government must prove the defendant knew he possessed a firearm and that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm, reversing prior Eleventh Circuit precedent that held the Government did not need prove the knowledge-of-status element.

Petitioner now files this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that his conviction for felon in possession should be vacated and the charge dismissed pursuant to Rehaif.  (Pet., ECF No. 1 at 8.)  Specifically, Petitioner argues that at the time of the offense he did not know he was a felon, and that the Government would not have been able to prove at trial that he knew he was a felon.  (Id. at 7.)

## DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.        **Habeas Corpus Standard of Review Pursuant 28 U.S.C. § 2241**

Generally, a federal prisoner may only seek collateral review of his conviction pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 344-45 (1974); In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2010); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). To begin, 28 U.S.C. § 2255(a) provides four separate avenues for a federal prisoner to challenge his sentence. See generally United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (discussing § 2255(a)). The Supreme Court has held that if the alleged sentencing error is neither constitutional nor

jurisdictional, a petitioner must show that the sentence contains "a fundamental defect which inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974) (discussed in Foote, 784 F.3d at 936). Moreover, to pursue relief under this statute, a prisoner's petition must be timely under subsection (f). See 28 U.S.C. § 2255(f) (providing various dates from which a one-year limitations period runs).

If a defendant has already exhausted his direct appeals and pursued relief under § 2255, a favorable change in the law might still result in additional review if he can meet other statutory requirements. One of these avenues is to file a second or successive § 2255 petition. The requirements to do so are found in § 2255(h), often referred to as the "gatekeeping provision." If those requirements cannot be met, a defendant may still seek additional review of his sentence through the so-called "savings clause" of § 2255, found at subsection (e).[3]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

In re Jones, 226 F.3d 328, 333-34 (2000); see also United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018). The failure to meet the requirements of the savings clause under In re Jones is a jurisdictional defect that may not be waived. Wheeler, 886 F.3d at 426.

**C.  Respondent's Motion for Summary Judgment**

Initially, Respondent asserts that Petitioner can meet the savings clause requirements under In re Jones. As Respondent points out, at the time Petitioner was convicted, the Eleventh Circuit held that the Government did not have to prove that a defendant knew he was in the class of persons prohibited from carrying a firearm and ammunition to convict a defendant under § 922(g), see, e.g., United States v. Jackson, 120 F.3d 1226 (11th Cir. 1997), but that holding of the Eleventh Circuit was reversed in Rehaif. Thus, Respondent correctly argues under the second prong of In re Jones that after Petitioner's direct appeal and first § 2255 motion, the substantive law of the Eleventh Circuit changed. See Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a defendant was convicted.").

But Respondent fails to address the second half of the second prong of the In re Jones test—whether that change in the law rendered the conduct of which Petitioner was convicted to be not criminal. The court concludes that Rehaif did not render Petitioner's conduct not criminal.[4] See, e.g., Hughes v. Mackelburg, C/A No. 8:19-03390-HMH-JDA, 2020 WL 1429351 at *2 (D.S.C. Mar. 24, 2020) (rejecting a § 2241 petition based on Rehaif, noting that the petitioner, who pled guilty, was required to show "the conduct of which [he] was convicted be 'deemed not to be criminal' ") (quoting In re Jones, 226 F.3d at 334); Hoffman v. Breckon, C/A No. 7:18-cv-00265,

---

[4] The court agrees with Respondent's argument that Petitioner can meet the first and third prongs of the In re Jones test.

2020 WL 929589, at *9 (W.D. Va. Feb. 26, 2020) (collecting district court cases in the Fourth Circuit finding § 2241 petitioners could not meet the second element of the In re Jones test based on Rehaif), appeal docketed, No. 20-6322 (4th Cir. Mar. 6, 2020).

Here, Petitioner vaguely asserts that he did not know he was a felon, and that the Government would not have been able to prove at trial that he knew he was a felon. (Pet., ECF No. 1 at 7; Petr.'s Resp. Opp'n, ECF No. 19 at 3, 6.) But Petitioner cannot show as a matter of law that Rehaif rendered his conduct not criminal. Rehaif only clarified what the government needed to prove to secure a conviction under 18 U.S.C. § 922(g), and possession of a firearm and ammunition by a felon remains illegal. See Hoffman, 2020 WL 929589, at *9 (collecting cases that found Rehaif did not change substantive law because the conduct for which the petitioners were convicted "is still illegal"). Moreover, the record from Petitioner's trial belies his assertion. The record demonstrates that Petitioner had nine prior felony convictions and four terms of imprisonment greater than one year. Petitioner also stipulated at trial that prior to his arrest he had been convicted of a felony offense punishable by imprisonment for a term in excess of one year. Petitioner offers no evidence or substantive argument that could show that he was unaware that he was a felon at the time he possessed the firearm and ammunition. Therefore, Petitioner cannot show that Rehaif rendered his possession of a firearm and ammunition not criminal.[5]

---

[5] Petitioner also appears to argue the Government would not have been able to prove that Petitioner knew it was illegal for a felon to possess a firearm because the Government did not provide any court records of his prior convictions at trial to show that he was informed that it would be illegal for him carry a firearm. (Petr.'s Resp. Opp'n, ECF No. 19 at 3.) Besides Petitioner's tacit admission in this argument that he was aware that he was previously convicted of felonies, the Rehaif Court expressly rejected such an interpretation of the elements of § 922(g). Rehaif, 139 S. Ct. at 2198 (differentiating between Rehaif's defense—that the Government had to prove the defendant's intent as to each element of the crime, and a "mistake of law" defense—that the defendant was unaware of a statute proscribing his conduct).

Consequently, the court finds this matter should be dismissed for lack of subject matter jurisdiction. See Wheeler, 886 F.3d at 426 (holding that the savings clause requirements are jurisdictional and may not be waived); see also Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (stating that dismissal pursuant to Rule 12(b)(1), rather than summary judgment, is appropriate when the court concludes it lacks jurisdiction over an action).[6]

### RECOMMENDATION

For the foregoing reasons, the court recommends this action be dismissed without prejudice and Respondent's motion for summary judgment (ECF No. 14) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 4, 2020
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] The court's conclusion accords with the Eleventh Circuit's treatment of Rehaif errors on direct appeal where the record shows that the defendant's numerous prior felony convictions precludes a defense to the knowledge of status element. See United States v. Reed, 941 F.3d 1018, 1021-22 (11th Cir. 2019) (finding that because the trial court record showed that Reed had been convicted of eight felony convictions and served at least eighteen years in prison before being arrested for possessing a firearm, and stipulated to being a felon at trial, Reed could not prove that the Government's failure to offer proof of the knowledge-of-status element affected Reed's substantial rights or the fairness, integrity, or public reputation of his trial). Therefore, in the alternative, even if the assigned district judge concludes that the court has jurisdiction over this matter, Petitioner would not be entitled to relief on the merits of the Petition.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).